# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| NIKIYA A., | ) |
| | ) |
|        **Plaintiff** | ) |
| | ) |
| v. | )    No. 1:24-cv-00423-KFW |
| | ) |
| FRANK BISIGNANO, | ) |
| Commissioner of | ) |
| Social Security, | ) |
| | ) |
|        **Defendant** | ) |

## MEMORANDUM DECISION[1]

The Plaintiff in this Child's Insurance Benefits, Social Security Disability (SSD), and Supplemental Security Income (SSI) appeal contends that the Administrative Law Judge (ALJ) erred in determining when her disability began. *See* Plaintiff's Brief (ECF No. 12). I agree and vacate the Commissioner's decision and remand this case for further proceedings consistent with this decision.

## I. Background

The Plaintiff applied for benefits in late 2020 and early 2021. *See* Record at 18. After her claims were denied at the initial and reconsideration levels of review, she requested a hearing before an ALJ. *See id.* That hearing was held in September 2023, following which the ALJ issued a partially favorable decision. *See id.* at 18-31, 40-93. The ALJ found that from her alleged onset date of

---

[1] The parties have consented to me presiding over all proceedings in this action including the entry of judgment. *See* ECF No. 9.

April 1, 2013, to September 30, 2016, the Plaintiff did not have any severe impairments and was therefore not disabled during that period. *See id.* at 21-23. However, the ALJ found that, beginning October 1, 2016, the Plaintiff had the severe impairments of attention-deficit hyperactivity disorder (ADHD), anorexia nervosa, major depressive disorder, psychotic disorder, and post-traumatic stress disorder (PTSD). *See id.* at 23-24. Considering the limitations caused by those impairments, the ALJ concluded that the Plaintiff could not perform any jobs existing in significant numbers in the national economy and that she was therefore disabled as of October 1, 2016. *See id.* at 25-31. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive

when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

The Plaintiff takes issue with the ALJ's finding that she was not disabled prior to October 1, 2016. *See generally* Plaintiff's Brief. The date the Plaintiff became disabled is particularly relevant to her entitlement to Child's Insurance Benefits, which are only available to individuals who became disabled prior to attaining the age of twenty-two. *See* 20 C.F.R. § 404.350(a)(5). In this case, the Plaintiff turned twenty-two in October 2014. *See* Record at 21.

The ALJ found that prior to October 1, 2016, the Plaintiff had the medically determinable impairments of ADHD, anorexia, and depression, but that, despite her "and her representative's best efforts, there" were "no medical records available during the period encompassing the alleged onset date to" October 1, 2016, that "would provide substantive evidence in support of [her] allegations" of disabling limitations during that period. *Id.* at 21-22.

The Plaintiff argues that the ALJ placed undue emphasis on the "absence of medical records during" the relevant period. Plaintiff's Brief at 7. She points out that SSR 18-01p—which the ALJ did not cite in his decision—actually permits an ALJ to "consider evidence from other non-medical sources such as the claimant's family, friends, or former employers, if [the ALJ] cannot obtain additional medical evidence or it does not exist (e.g., the evidence was never created or was destroyed), and [the ALJ] cannot reasonably infer the date that the claimant first met the

3

statutory definition of disability based on the medical evidence in the file." Plaintiff's Brief at 7-8 (quoting SSR 18-01p, 2018 WL 4945639, at *6 (Oct. 2, 2018)).

The Commissioner responds that SSR 18-01p did not apply to the Plaintiff's Child's Insurance Benefits claim because the ALJ did not find her disabled during the period of time relevant to that claim and an ALJ is only required to follow SSR 18-01p in determining a claimant's onset date when the claimant "meets the statutory definition of disability." Commissioner's Brief (ECF No. 13) at 2 (quoting SSR 18-01p, 2018 WL 4945639, at *2); *see also Cyree v. Kijakazi*, No. 22-35462, 2023 WL 3862512, at *1 (9th Cir. June 7, 2023) ("SSR 18-1p does not apply because an established onset date must be determined only if the ALJ finds that the claimant met the statutory definition of disability.").

The problem with the Commissioner's argument is that the ALJ did in fact find the Plaintiff disabled for purposes of her SSD and SSI applications, which obligated him to determine the onset date for the Plaintiff's Child's Insurance Benefits application using SSR 18-01p's analytical framework. *See Martha V. v. Kijakazi*, No. 4:21-cv-03267, 2023 WL 2590956, at *5 (S.D. Tex. Mar. 21, 2023) ("[T]he Court finds that an ALJ's duty to determine a claimant's onset date for disability benefits [under SSR 18-01p] is triggered once a determination is made that an individual is disabled, even when the onset date for that disability determination postdates the claimant's [date last insured]. . . . Therefore, because the SSA determined that Plaintiff was disabled pursuant to her SSI application, the ALJ was required to determine the onset date of that disability for purposes of her [SSD application]."); *cf.*

4

*Velazquez v. Kijakazi*, No. 2:20-cv-342-JPK, 2022 WL 970068, at *7-8 (N.D. Ind. Mar. 30, 2022) (holding, in the absence of a developed argument by the Commissioner to the contrary, that a "finding of disability for purposes of a claimant's SSI application triggers an obligation to apply the analytical framework" of SSR 18-01p "to determine an onset date for that disability for purposes of the claimant's [SSD] application").

Undeterred, the Commissioner argues that even if SSR 18-01p applied, the ALJ's finding that the Plaintiff had no severe impairments prior to October 1, 2016, is still supported by substantial evidence. *See* Commissioner's Brief at 10-13. He points out that SSR 18-01p's language regarding the consideration of nonmedical evidence is permissive and applies only when an ALJ cannot reasonably infer the claimant's onset date from the available medical evidence. *See id.* at 11-12. Here, the Commissioner contends, *see id.*, the ALJ reasonably inferred that the Plaintiff became disabled as of October 1, 2016, based on a medical record from February 2017 where the Plaintiff reported she had been "the victim of an assault" four months prior and that she was experiencing "worsening depression[,] concentration and cognitive issues, with chronic anorexia and PTSD," Record at 23-24 (citing *id.* at 695). The Commissioner also defends the ALJ's findings under the so-called Paragraph B criteria, that, prior to October 1, 2016, the Plaintiff's impairments caused her only mild limitations. *See* Commissioner's Brief at 4-5, 13.

I find these arguments unavailing for several reasons.

5

First, the ALJ's finding that the Plaintiff became disabled as of October 1, 2016, appears to be more a function of the earliest available medical record rather than a reasonable inference drawn from the overall medical record. *Cf. Velazquez*, 2022 WL 970068, at *11 (finding harmful error where an ALJ did not apply the framework of SSR 18-01p and found an onset date "based solely upon filing dates, and not medical evidence"). Second, the ALJ did not cite SSR 18-01p in his decision and he specifically relied on the lack of medical records relating to the period before October 1, 2016, *see* Record at 22, which suggests that he ignored SSR 18-01p's instructions that (1) an onset date "may predate the claimant's earliest recorded medical examination or the date of the claimant's earliest medical records" and (2) an ALJ can, if the medical evidence is lacking, consider nonmedical evidence from "the claimant's family, friends, or former employers" when determining an onset date, SSR 18-01p, 2018 WL 4945639, at *6; *cf. Martha V.*, 2023 WL 2590956, at *6 (finding harmful error where there was "no evidence" an ALJ "exercised his discretion or was aware of the option[s]" under SSR 18-01p); *Picard v. Berryhill*, No. 2:16-cv-00636-JHR, 2018 WL 1370681, at *3 (D. Me. Mar. 16, 2018) ("[R]eversal and remand are warranted when failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result *via* an acceptable analytical pathway." (cleaned up)).

Finally, to the extent the ALJ did consider nonmedical evidence from the Plaintiff's father, aunt, and uncle, in finding that the Plaintiff's impairments caused her only mild limitations prior to October 1, 2016, those findings are not supported

by substantial evidence. In finding that the Plaintiff was only mildly limited in her ability to (1) understand, remember, and apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage herself, the ALJ relied on familial reports that the Plaintiff has a high IQ, was able to attend classes and graduate from college, lived on her own for periods during college, worked part time as a teaching assistant and in her family's businesses, and denied having a temper and got along with her father's assistant. *See* Record at 22-23. However, the ALJ also seemingly accepted that the Plaintiff began to withdraw socially at age eleven, she attended an in-patient treatment center for her anorexia in her early teens, her academic performance started to deteriorate in 2011 and she struggled with her college courses, she was forced to return home to live with her parents when she attempted to live on her own during college due to fear and paranoia, and she has not engaged in substantial gainful employment since her alleged onset date of April 1, 2013. *See id.* at 21-23. Viewed in context, a reasonable mind could not accept the evidence the ALJ relied upon as adequate to support his finding that the Plaintiff had only mild limitations prior to October 1, 2016. *See Biestek*, 587 U.S. at 102-03.[2]

---

[2] This point is best illustrated by detailing some of the evidence the ALJ considered. The Plaintiff's father testified that he had to fly to Massachusetts to retrieve the Plaintiff during her freshman year of college (2010-11) after she had locked herself in her dormitory room for an entire week because she believed people were breaking into her room and smearing feces on her door (all of which was proven false by security footage). *See* Record at 65-68. The Plaintiff refused treatment, and subsequently moved to attend college in Utah. *See id.* at 66-67. She decompensated again in Utah; after returning home, she remained almost exclusively in her room because "people were breaking in at night" and "taking her organs" and her parents were "working with the Russian mob." *Id.* at 71. After "many years," the Plaintiff eventually finished her college degree by taking online classes. *See id.* at 67.

## IV.  Conclusion

For the foregoing reasons, the Commissioner's decision is **_VACATED_** and the case **_REMANDED_** for proceedings consistent with this decision.

Dated: July 2, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge